UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-26 PA (JEMx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | U.S. Bank Nat'l Assn., et al. v. Ruben Beas, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Ruben Beas and Ruby Lugo-Beas ("Defendants") on January 3, 2012. In its Complaint, plaintiff U.S. Bank National Association, as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2006-IM1 ("Plaintiff"), alleges a single state law claim for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant also asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1). Other allegations in the Notice of Removal appear to assert federal question jurisdiction under 28 U.S.C. § 1331.

**I.        Analysis**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.        Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-26 PA (JEMx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | U.S. Bank Nat'l Assn., et al. v. Ruben Beas, et al. | | |

federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. In their Notice of Removal, however, Defendants refer to 28 U.S.C. §§ 1981, 1982, and 1983, and appears to allege that their rights to due process and equal protection are being violated by Plaintiff's prosecution of the unlawful detainer action. Although the Notice of Removal could be construed as attempting to allege the existence of a federal question, Defendants do not contend that the unlawful detainer claim is a federal claim in disguise or is somehow preempted by federal law. Rather, Defendants seem to be citing to federal law in support of potential counterclaims. These allegations do not constitute a basis for removal. Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendants have failed to show that federal question jurisdiction exists.

  **B.**  **Diversity Jurisdiction**

Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In the Notice of Removal, Defendants do not properly allege Plaintiff's citizenship or their own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Because the Notice of Removal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-26 PA (JEMx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | U.S. Bank Nat'l Assn., et al. v. Ruben Beas, et al. | | |

does not allege the citizenship of any of the parties, Defendants' allegations concerning the existence of diversity jurisdiction are insufficient.

Defendants are also unable to meet § 1332's amount in controversy requirement. Defendants allege that the amount in controversy exceeds $75,000 because the value of the property exceeds $75,000. (Notice of Removal 4-5.) However, the Complaint's caption clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved—only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking restitution, possession of the premises, costs of suit, and $50 per day until it obtains a judgment or recovery of possession of the premises. Thus, given that the value of the property is not the amount in controversy, Defendants failed to show that this action meets the minimum jurisdictional requirement.

Because neither the "four corners" of the complaint nor the Notice of Removal contains sufficient allegations concerning the citizenship of the parties or the amount in controversy, Defendants have not met their burden to establish diversity jurisdiction. See Harris, 425 F.3d at 694.

### C. Removal Under 28 U.S.C. § 1443

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-26 PA (JEMx) | Date | January 6, 2012 |
|---|---|---|---|
| Title | U.S. Bank Nat'l Assn., et al. v. Ruben Beas, et al. | | |

      constitutional provision that purports to command the state courts to ignore
      the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Defendants do not allege any facts that would support removal under § 1443 and therefore Defendants meet neither part of the Supreme Court's test in Georgia v. Rachel. Other than conclusory references to 28 U.S.C. §§ 1981, 1982, and 1983, there are no allegations or any other indication that Defendants have properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that they are unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendants' conclusory allegations concerning the asserted deficiencies in California's unlawful detainer procedures amounts "command[s] the state courts to ignore" Defendants' federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

## Conclusion

      For the foregoing reasons, Defendants have failed to meet their burden of showing that this Court can exercise jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Pomona Courthouse North, Case No. 10U01781. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.